**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **ROBERT MEREDITH, III** | § | |
| | § | |
| **V.** | § | **1:18-CV-00350–AWA** |
| | § | |
| **NANCY A. BERRYHILL, ACTING** | § | |
| **COMMISSIONER OF THE SOCIAL** | § | |
| **SECURITY ADMINISTRATION** | § | |

**MEMORANDUM OPINION AND ORDER**

This is an appeal of a final decision of the Commissioner of the Social Security Administration denying an application for disability benefits. Before the Court are the parties' briefs (Dkt. Nos. 15, 16, & 17), as well as the administrative record (Cited as "Tr.").

**I.  GENERAL BACKGROUND**

In August 2015, Plaintiff Robert Meredith III filed an application for disability insurance benefits, claiming disability beginning on January 31, 2014 due to neck problems.  The claim was denied on December 21, 2015, and then again upon reconsideration on March 9, 2016.  After the Plaintiff requested and was provided a hearing, the Administrative Law Judge issued a decision on June 14, 2017, finding that Plaintiff was not disabled.  The ALJ found that the Plaintiff had severe impairments of cervical spine herniation status post laminectomy and fusion with left arm neuropathy, headaches (intermittent migraines), and chronic lumbar strain.  However, the ALJ found that the impairments did not meet or equal an impairment found in the Appendix 1 Listing of Impairments.  In addition, the ALJ noted that the Plaintiff had the residual functional capacity (RFC) to perform light work with restrictions and the records did not support Plaintiff's subjective statements related to the limiting effects of his impairments.  The ALJ, based on the RFC, then determined that the Plaintiff could not perform his past work as an auto mechanic, but, based on the

guidance of the vocational expert, noted that the Plaintiff had the RFC to perform other work existing in significant numbers in the national economy. As a result, the ALJ found that the Plaintiff was not disabled for the relevant period and not entitled to disability insurance benefits or supplemental security income. Meredith requested review by the Appeals Council, which was denied by notice on February 23, 2018. Meredith has now exhausted his administrative remedies and seeks judicial review of the administrative proceedings under 42 U.S.C. § 405(g).

## II. STANDARD OF REVIEW

The Social Security Act defines "disability" as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). To determine if a claimant is able to engage in "substantial gainful activity" (and therefore if he is disabled) the Social Security Commissioner uses a five-step analysis:

1. a claimant who is working, engaging in a substantial gainful activity, will not be found to be disabled no matter what the medical findings are;

2. a claimant will not be found to be disabled unless he has a "severe impairment";

3. a claimant whose impairment meets or is equivalent to an impairment listed in Appendix 1 of the regulations will be considered disabled without the need to consider vocational factors;

4. a claimant who is capable of performing work that he has done in the past must be found "not disabled"; and

5. if the claimant is unable to perform his previous work as a result of his impairment, then factors such as his age, education, past work experience, and residual functional capacity must be considered to determine whether he can do other work.

20 C.F.R. § 404.1520; *Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir. 1994). A finding of disability or no disability at any step is conclusive and terminates the analysis. *Greenspan v. Shalala*, 38 F.3d

232, 236 (5th Cir. 1994). The claimant has the burden of proof for the first four steps; at step five, the burden initially shifts to the Commissioner to identify other work the applicant is capable of performing. *Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990). Then, if the Commissioner "fulfills his burden of pointing out potential alternative employment, the burden . . . shifts back to the claimant to prove that he is unable to perform the alternate work." *Id.* (citation omitted).

Judicial review of the Commissioner's final decision under the Social Security Act, 42 U.S.C. § 405(g), is limited to two inquiries: (1) whether substantial evidence supports the Commissioner's decision; and (2) whether the Commissioner correctly applied the relevant legal standards. *Kinash v. Callahan*, 129 F.3d 736, 738 (5th Cir. 1997). Substantial evidence is more than a scintilla of evidence but less than a preponderance—in other words, "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995). The Court considers four elements of proof when determining whether there is substantial evidence of a disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) the claimant's subjective evidence of pain and disability; and (4) the claimant's age, education, and work history. *Id.* at 174. However, the reviewing court may not reweigh the evidence, try the issues de novo, or substitute its judgment for that of the Commissioner. *Greenspan*, 38 F.3d at 236. The Court may only scrutinize the record to determine whether it contains substantial evidence to support the Commissioner's decision. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995). If the Court finds substantial evidence to support the decision, the Court must uphold the decision. *Selders*, 914 F.2d at 617 ("If the . . . findings are supported by substantial evidence, they are conclusive and must be affirmed."); 42 U.S.C. § 405(g). A finding of no substantial evidence will only be made where there is a

conspicuous absence of credible choices or no contrary medical evidence. *Abshire v. Bowen*, 848

F.2d 638, 640 (5th Cir. 1988)

### III.  THE ALJ's OPINION

The ALJ employed the regulations' five-step sequential evaluation process to determine

whether Meredith was disabled.  20 C.F.R. § 404.1520(a).  (Tr. 10-18).  At step one, the ALJ

determined that Meredith had not engaged in substantial gainful activity since January 31, 2014, the

alleged onset date.  At step two, the ALJ found that Meredith had several severe impairments,

including cervical spine herniation status post laminectomy and fusion with left arm neuropathy,

headaches (intermittent migraines), and chronic lumbar strain.  Furthermore, the ALJ found that the

Plaintiff did not have an impairment or combination of impairments that meet or medically equals

the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  The

ALJ, before proceeding to step 4, then calculated the Plaintiff's residual functional capacity ("RFC")

and noted that:

> After careful consideration of the entire record, the undersigned finds that the
> claimant has the residual functional capacity to perform light work as defined in 20
> CFR 404.1567(b) and 416.967(b) and assessed as lifting and carrying 20 pounds
> occasionally and 10 pounds frequently, standing and/or walking up to 6 hours in an
> 8-hour workday and sitting up to 6 hours in an 8-hour workday.  He can never climb
> ladders, ropes, or scaffolds.  He must avoid workplace hazards such as unprotected
> heights or dangerous moving machinery.  He can frequently rotate his neck from side
> to side, occasionally reach overhead with the left (non-dominant) upper extremity,
> and occasionally handle with the left (non-dominant) upper extremity.  The claimant
> can frequently handle with the right (dominant) upper extremity.  He can tolerate
> occasional exposure to bright sunlight.

Tr. 13.  At step four, the ALJ concluded that Meredith is unable to perform his past relevant work

as an auto mechanic.  Finally, given that the vocational expert testified that the Plaintiff had acquired

work skills from past relevant work, the ALJ, taking into account the Plaintiff's age, education, work

experience, and RFC, noted that the Plaintiff had acquired work skills form past relevant work that were transferable to other occupations with jobs existing in significant numbers in the national economy. The ALJ, therefore, then concluded that Meredith was not disabled and that he was not under a disability as defined by the Social Security Act from January 31, 2014, through the date of the ALJ's decision.

## IV. ANALYSIS

Meredith on appeal argues that the RFC is not supported by substantial evidence because the ALJ did not adequately develop the record and because he failed to order a consultative examination or have a medical expert testify at his hearing. The Commissioner argues that the ALJ's RFC finding is based on substantial evidence and that the ALJ properly developed the record in this case. The Court agrees with the Commissioner. The Court finds that substantial evidence supports both the ALJ's determination that Plaintiff was not disabled during the adjudicated period as well as the ALJ's RFC determination. While the Plaintiff argues that the RFC determination was made after dismissing every available medical opinion in the file, the ALJ properly considered the overall record and did not rely on her lay opinion.

First, there is substantial evidence in the record supporting the finding that Plaintiff did not possess the limitations he claimed. In January 2014, Plaintiff was involved in a low-impact car accident and was admitted to an emergency room. Plaintiff argues that scans of his head and spine showed abnormalities, but, in fact, there was "no fracture or dislocation evident" from the CT of the spine, and a CT of the head that was "essentially unremarkable . . . without acute, infarct, mass, hemorrhage, or significant post traumatic injury." (Tr. 328, 330). Later in August 2014, during a visit to the McCarthy Community Clinic to establish care, the notes state that the MRI, CT, and X-

rays of the neck at the time of the Plaintiff's accident in January 2014 "didn't show anything." (Tr. 360). During the neurological exam completed at Plaintiff's August 2014 visit at the McCarthy Clinic, the notes indicated that the Plaintiff's hand grips were strong (though the right was stronger than the left) and that "no obvious sensory deficits" existed in the left arm. *Id*. The Court agrees with the Commissioner that the Plaintiff's contention that the ALJ ignored the medical evidence from 2014 is not validated by the ALJ's opinion. That opinion references the previous medical visits and later medical visits in September 2014 as well as Plaintiff's cervical laminectomy in October 2014. (Tr. 14).

The ALJ also properly considered the relevant medical evidence from 2015. Plaintiff argues that examinations from late 2015 revealed tenderness to Plaintiff's left trapezius with radiation down his arm when pressed and that hand muscle atrophy and decreased sensation in the left arm was observed. The ALJ not only discussed Plaintiff's medical evaluations from 2015, but, before doing so, noted that the Plaintiff did not submit evidence of evaluation or treatment for more than twelve months following his initial examinations—"suggest[ing] that the claimant's pain was appropriately managed during this time without the need for treatment"—a fact Plaintiff's brief does not address (Tr. 15). The examination from November 9, 2015, with a nurse practitioner noted only "mildly diminished [left] hand grip" and a tender left trapezius (Tr. 351). On November 17, 2015, a consultative physical examination noted that while there was mild hand muscle atrophy, the handgrip was 5/5, "normal and symmetric." (Tr. 343). The consultative examiner noted that the Plaintiff had normal fine finger movements and had the "normal ability to handle small objects and button buttons on clothing" as well as well as an ability to "stand on heels and toes without

difficulty" and an ability "to bend all the way over and get back up without difficulty." *Id*. The ALJ properly evaluated and weighed, rather than ignored, the 2015 medical evidence. (Tr. 15).

The ALJ also properly considered the relevant medical evidence from 2016 (Tr. 15). Importantly, the ALJ noted Plaintiff's complaints from his 2016 examinations. The ALJ found, however, that the Plaintiff's complaints resolved on their own, were helped by medication, or were not supported by the medical evidence in the record. For example, Plaintiff continued to report headaches at the start of 2016, but in February, after using his new medications, stated that his headaches were "mild" and in March stated that his medications were "definitely helping" his headaches. (Tr. 15, 440, 444). Plaintiff acknowledges in his brief that he experienced some relief with his headaches with the use of Topamax (Dkt. No. 15 at 11). The Fifth Circuit has stated that an impairment that is reasonably controlled with medication or therapy cannot serve as the basis of a disability finding. *Johnson v. Bowen*, 864 F.2d 340,348 (5th Cir. 1988); *Lovelace v. Bowen*, 813 F.2d 55, 59 (5th Cir. 1987). Here, as the ALJ noted, there is evidence that the Plaintiff's headaches were reasonably being controlled with medication. In addition, a June 2016 examination showed "[n]o motor deficits [and] [n]o sensory deficits." (Tr. 413). During the same month, an examination noted that Plaintiff's neck was non-tender and that his back was normal and non-tender as well; Plaintiff also moved all his extremities equally and had his sensory function intact. (Tr. 396). As the Commissioner notes in her brief, the ALJ also discussed medical notes from July 2016 that showed that Plaintiff reported arm numbness when awakening, but that it would only last for 10-15 minutes and would nearly resolve itself. (Tr. 434). During the same examination, Plaintiff had painful, but normal range of motion related to his cervical spine and was noted as having strength of 5/5 during his musculoskeletal examination. (Tr. 434). The ALJ also references an October 2016

examination in which the Plaintiff denies back pain, lumbar pain, and neck pain, including full, non-tender, painless range of motion related to the back and full, non-tender, range of motion related to the neck. (Tr. 15, 380, 382). During the same examination, the neurological exam noted no motor or sensory deficits. (Tr. 382). Furthermore, as the Commissioner notes, the Plaintiff had several visits with a neurologist throughout the latter part of 2016 and early 2017. An August 2016 visit showed that the Plaintiff's migraines were being controlled by medication and his motor and sensory functions were intact (Tr. 461); a November 2016 visit showed that despite neck and hand pain, Plaintiff's motor, sensory, and reflexes were intact and migraines were again in control on medication (Tr. 459); a January 2017 visit showed that despite some neck and right arm pain, Plaintiff's sensory, motor, and reflex systems were all intact with "[n]o abnormal movements noted" (Tr. 457); and a February 2017 visit also showed that Plaintiff's sensory, motor, and reflex systems were all intact (Tr. 455).

Lastly, the ALJ properly assessed the medical evidence from 2017. Plaintiff argues that he suffered from neck pain, right arm jumping and stabbing headaches in early 2017. (Dkt. No. 15 at 12). However, as the ALJ notes, Plaintiff's exam from January 30, 2017, noted a pain score of 2 with mild tenderness along the upper back and a neurological exam that noted strong hand grips in both hands and no sensory deficits in the arms. (Tr. 429).

Separately, Plaintiff argues that the ALJ erred because a consultative examination was not ordered. He contends a consultative examination would have provided information that would help establish the impact of Plaintiff's migraines on his ability to work and the impact of Plaintiff's neck and arm pain. The Commissioner argues that the ALJ was not required to further develop the record by requesting a consultative examination to ascertain his RFC. "The ALJ owes a duty to a claimant

to develop the record fully and fairly to ensure that his decision is an informed decision based on sufficient facts." *Brock* v. *Chater*, 84 F.3d 726, 728 (5th Cir. 1996) The Fifth Circuit has stated that a Court should not find that an ALJ's decision was supported by substantial evidence if the claimant demonstrates "(1) that the ALJ failed to fulfill his duty to adequately develop the record, and (2) that the claimant was prejudiced thereby." *Id*. A consultative evaluation is only required "when the claimant presents evidence sufficient to raise a suspicion concerning a non-exertional impairment." *Id.* However, "[t]he decision to order a consultative examination is within the ALJ's bailiwick." *Harper v. Barnhart*, 176 Fed.Appx. 562, 566 (5th Cir. 2006); *Anderson v. Sullivan*, 887 F.2d 630, 634 (5th Cir. 1989). Furthermore, a consultative exam is not necessary when evidence in the record supports a conclusion that the claimant is not disabled. *Turner v. Califano*, 563 F.2d 669, 671 (5th Cir. 1977); *Norris v. Berryhill*, 3:15-CV-3634-BH, 2017 WL 1078524, at *17 (N.D. Tex. Mar. 22, 2017). Here, nothing in the record suggests that the ALJ found the evidence in the record to be inconclusive or otherwise inadequate to render a decision. In fact, the ALJ explicitly referenced the Plaintiff's pain score in the record from January 2017 as it relates to at least Plaintiff's migraines, and, as stated, noted the evidence from the record that Plaintiff was adequately managing the pain with medication (Tr. 15-16). Furthermore, the ALJ referenced evidence in the record from October 2016 where Plaintiff denied neck pain and evidence from June 2016 related to Plaintiff's back pain (Tr. 15). In other words, "the evidence in the record upon which the administrative law judge based [her] denial of benefits fully developed the facts necessary to make that determination." *Turner*, 563 F.2d at 671. Therefore, the ALJ did not have a duty to further develop the record by ordering an additional consultative examination regarding Plaintiff's non-exertional limitations.

Based on the preceding discussion, the Court agrees with the Commissioner that the ALJ did not improperly substitute her lay view of the medical evidence for that of the medical experts' views. Instead, the ALJ properly considered the record and evaluated the opinion evidence under §404.1520b to assess Meredith's RFC. To the extent that Meredith's argument effectively asks the Court to re-weigh the evidence and the medical opinions, the Court may not do so, as the standard of review limits the Court's inquiry to whether there is substantial evidence—more than a scintilla of evidence but less than a preponderance—to support the ALJ's decision. Because there is at least that much evidence to support the limitations the ALJ used in determining Meredith's RFC, the ALJ did not need to further develop the record, and because the ALJ complied with dictates of § 404.1520b in assessing the expert's opinions, the Court affirms the Commissioner's treatment of the medical opinion evidence

## V. CONCLUSION

Based on the foregoing, the Court hereby **ORDERS** that the decision of the Commissioner be **AFFIRMED**.

SIGNED this 8th day of July, 2019.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE